IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**AMADEO HERNANDEZ-JAIMES**                                                      **PETITIONER**

**v.**                                                 **CIVIL ACTION NO.: 3:23-cv-424-KHJ-MTP**

**WARDEN F.C.I. YAZOO CITY MEDIUM**                             **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Amadeo Hernandez-Jaimes's *pro se* Petition for Writ of Habeas Corpus [1] filed under 28 U.S.C. § 2241. Having considered the petition, the record, and applicable law, the undersigned recommends that the Petition [1] be DISMISSED without prejudice.

## BACKGROUND

On September 18, 2012, Petitioner was convicted in the United States District Court for the Middle District of Florida for conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(A).[1] He was sentenced to 300 months of incarceration, with a five-year term of supervised release. *See* [9-1] at 5. Petitioner is currently housed at the Federal Correctional Complex in Yazoo City, Mississippi. He is scheduled to be released on December 11, 2031, assuming he maintains all "good conduct time" and "First Step Act time."[2] *Id*. at 3.

---

[1] *See United States of America v. Amadeo Hernandez Jaimes*, Case No.: 3:10-CR-284-J-32JBT (United States District Court Middle District of Florida).

[2] *See* 18 U.S.C. § 3632. The First Step Act provides eligible inmates with opportunities to participate in and complete evidence-based recidivism reduction programs or productive activities.

1

On July 3, 2023, Petitioner filed the instant Petition [1], challenging his sentence calculation.[3] He argues that he is eligible to earn First Step Act Time Credits towards his sentence and that the Federal Bureau of Prisons ("BOP") has not been applying such credits that he has purportedly earned since his incarceration. [1] at 3.

Respondent Warden F.C.I. Yazoo City Medium ("Respondent")[4] filed a Response in Opposition [9] arguing, *inter alia*, that the Petition [1] should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing this action.

## ANALYSIS

Before seeking habeas relief under 28 U.S.C. § 2241, a federal inmate must exhaust the administrative remedies made available by the BOP. *See Williams v. Willis,* 765 F. App'x 83 (5th Cir. 2019); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 F. App'x, 372 (5th Cir. 2008). While there are exceptions to the exhaustion requirement that may be available "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," such exceptions "apply only in extraordinary circumstances." *Fuller*, 11 F.3d at 62 (internal citations and quotations omitted); *see also Broderick v. Chapman*, 364 F. App'x 111, 112 (5th Cir. 2010). A petitioner seeking waiver of the exhaustion requirement bears the burden

---

[3] The Petition [1] is dated June 28, 2023, though it was docketed on July 3, 2023.

[4] The Response [9] is brought on behalf of "L. Ping," "current acting warden for the FCC Yazoo City, Mississippi, Low Security Institution[.]" [9] at 1.

2

of demonstrating the futility of administrative review. *See Mayberry v. Pettiford*, 74 F. App'x, 299 (5th Cir. 2003) (citing *Fuller*, 11 F.3d at 62)).

Respondent, citing 28 C.F.R. § 542.13 *et seq*., points out that the BOP has a multi-step administrative process for resolving prisoner complaints. *See* [9] at 2. The prisoner must first submit a Request for Administrative Remedy to the warden, and if unsatisfied with the warden's response, the prisoner may then appeal to the Regional Director. The final step in the grievance process is an appeal to the BOP's Office of General Counsel.

Respondent asserts that Petitioner has never filed an administrative remedy request since being in BOP custody. *Id*. In support, Respondent submitted a declaration of Joshua Robles, the Supervisor Attorney for the Consolidated Legal Center at the Federal Correctional Complex in Yazoo City. *See* [9-1] at 1. According to Robles, Petitioner has "never filed a remedy request concerning his eligibility or the Bureau's application of time credits under the First Step Act." *Id*. at 3. Respondent also attached as Exhibit 3 a document that states "NO REMEDY DATA EXISTS FOR THIS INMATE." *Id*. at 9.

Conceding that he did not exhaust his administrative remedies, Petitioner invokes the futility exception to the exhaustion rule and claims that the administrative process is not available to him. [1] at 3. Petitioner claims that the BOP "is maliciously misreading [the First Step Act]" by precluding inmates with Immigration and Customs Enforcement detainers from earning and applying credits under the First Step Act.[5] *Id*. As a result, says Petitioner, the "administrative process is not 'available' to the Petitioner and to attempt to exhaust his

---

[5] Such was the former position of the BOP. As of February 3, 2023, the BOP ceased that policy approach. *See* https://www.bop.gov/policy/progstat/5410.01_cn2.pdf. Since the change in February 2023, "[t]he Bop now allows prisoners subject to ICE detainers to apply ETCs in their sentence." *Favelz-Gomez v. Birkholz*, 2023 WL 4155401, at *3 (C.D. Cal. June 8, 2023); *Alatorre v. Derr*, 2023 WL 2599546, at *4 (D. Haw. Mar. 22, 2023).

3

administrative remedies would be 'futile.'"[6]  [1] at 3.  Respondent, however, emphasizes that "[t]here is no indication that [Petitioner] has ever been deemed ineligible by the BOP to receive or apply time credits under the [First Step Act]." [9-1] at 3.  Petitioner indeed has never challenged his purported First Step Act Time Credits.  *Id.* at 9.

As previously explained, prisoners are required to exhaust administrative remedies in a procedurally correct manner.  "Proper exhaustion demands compliance with the agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91; *see also Tinsley v. Withers*, 2021 WL 3394916, at *2 (S.D. Miss. July 9, 2021).  Petitioner did not comply with the BOP's administrative procedural rules and instead attempted to forgo the administrative process by filing his claim directly in this court.

Additionally, Petitioner has failed to demonstrate that extraordinary circumstances excuse his failure to exhaust administrative remedies.  *See Fuller*, 11 F.3d at 62.  Petitioner's conclusory assertion that "the administrative remedy process is not 'available' to the petitioner," *see* [1] at 3, does not meet the burden of demonstrating that administrative review would be patently futile. *See Thomas v. Williams*, 2022 WL 20596629, at *3 (D. Colo. Apr. 13, 2022) ("Conclusory allegations that administrative remedies are not available are insufficient to excuse a failure to exhaust."); *see also Melot v. Willis*, 2018 WL 11475524, at *5 (W.D. Tex. Feb. 21, 2018); *Delagado v. Julian*, 2018 WL 2689271, at *2 (S.D. Miss. June 5, 2018).

---

[6] Petitioner attempts to invoke the "textual exception to exhausting his administrative remedies available in the Prison Litigation Reform Act [("PLRA")] of 1995[.]"  [1] at 3.  The PLRA, however, does not apply to 28 U.S.C. § 2241 habeas proceedings.  *Davis v. Fechtel*, 150 F.3d 486 (5th Cir. 1998).

The BOP should have an opportunity to consider Petitioner's claim, and consider possible relief, prior to Petitioner's pursuit of his claim in this Court. *See Ahmed v. Warden FCC Yazoo City Low*, 2023 WL 4473350, at *1 (S.D. Miss. July 11, 2023) (dismissing petition based on First Step Act credit for failing to exhaust claim with the BOP prior to filing federal habeas petition); *Qattoum v. Gillis*, 2020 WL 2841784, at *3 (S.D. Miss. June 1, 2020) (same). As Petitioner has failed to properly exhaust his administrative remedies, his Petition [1] should be denied.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DENIED and that this action be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. L.U. Civ. R. 72(a)(3). The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 15th day of March, 2024.

                                                  s/Michael T. Parker
                                                  United States Magistrate Judge